HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFREY WEBB and DONNA WEBB, Husband and Wife,<br><br>    Plaintiffs,<br><br> v.<br><br>TRAVELERS HOME AND MARINE INSURANCE COMPANY, a Foreign Corporation doing business in Washington, DOES I-V,<br><br>    Defendant. | No.: 2:24-cv-00431-JNW<br><br>STIPULATED MOTION TO EXTEND CASE DEADLINES<br><br>NOTE ON MOTION CALENDAR: OCTOBER 28, 2024 |

## I. STIPULATION

Pursuant to LCR 10(g), LCR 16(b)(6), and Fed. R. Civ. P. 16(b)(4), Plaintiffs Jeffery Webb and Donna Webb ("Plaintiffs") and Defendant Travelers Home and Marine Insurance Company ("Defendant" or "Travelers") (collectively, the "Parties") jointly move the Court for an order extending all case deadlines in the Court's Scheduling Order. Dkt. # 12.

## II. STATEMENT OF FACTS

On February 28, 2024, Plaintiffs filed suit against Travelers, their homeowners insurance company, in King County Superior Court, Case No. 24-2-04541-4 SEA. Dkt. # 1-1, 1-3. Travelers removed that case to this Court on March 29, 2024. Dkt. # 1. This case

arises from a loss that occurred at Plaintiffs' residence on or about January 7, 2022. Dkt. # 1-1. Plaintiffs asserted, among other things, the following causes of action against Travelers: (1) breach of duty of good faith and fair dealing, (2) breach of contract, (3) violation of the Consumer Protection Act, and (4) violation of the Insurance Fair Conduct Act. Dkt. # 1-1.

On June 6 and June 7, Defendant and Plaintiffs served their Initial Disclosures, respectively. Shortly thereafter, on June 25, Defendant issued its first set of written discovery to Plaintiffs. Plaintiffs responded to that written discovery on August 2.

After reviewing Plaintiffs' computation of damages and documentation regarding the same, Defendant requested a settlement demand from Plaintiffs on June 10, 2024. Plaintiffs communicated that they anticipated providing an updated settlement demand once they received an estimate from Plaintiffs' contractor. To date, Plaintiffs have not been able to secure a finalized estimate from their contractor.

Throughout this litigation, Travelers has continued to adjust Plaintiffs' claim in good faith. The Parties believe that early settlement is possible in this case, but the Parties have not been able to properly evaluate settlement without a finalized estimate from Plaintiffs' contractor. Good cause exists to extend the case deadlines to properly evaluate early settlement before incurring additional and unnecessary litigation costs.

### III. ARGUMENT AND AUTHORITY

**A.    Good cause exists to extend the case deadlines.**

Good cause exists to continue the case deadlines pursuant to Fed. R. Civ. P. 16(b)(4) and LCR 16(b)(6) because the Parties have worked diligently to assess the remaining disputed portions of Plaintiffs' insurance claim in order to contemplate early settlement.

A trial schedule may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). Good cause exists where parties seeking modification of a scheduling order cannot meet the order's timetable, even with the exercise of due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Plaintiffs have diligently worked to secure a contractor's estimate in order to supply Defendant with an updated damages analysis. And, Defendant has diligently worked to gather this information from Plaintiffs. The Parties wish to minimize litigation expenses while waiting for the contractor's estimate—specifically because the Parties believe there is a likelihood of early settlement in this case. Without the contractor's estimate, it cannot be determined what damages remain in dispute, what work needs to be done on Plaintiffs' residence, and which experts the Parties should plan to retain. Despite diligent efforts, the Parties will not be able to adequately prepare for any deadline in the scheduling order, starting with expert disclosures and reports due on November 4, 2024. Dkt. # 12.

**B.    A five-month continuance of the case deadlines is proper.**

The Parties respectfully request that the Court grant a five-month continuance of the currently scheduled trial date, along with all associated pretrial deadlines. Before this matter can proceed, the Parties need additional time to obtain an updated estimate from Plaintiffs' contractor, complete written discovery, determine experts, depose fact and expert witnesses, and conduct mediation before incurring the costs associated with trial.

In accordance with the requested continuance of trial, the Parties stipulate to the following extension of the remaining case deadlines at the Court's election. This proposed case schedule also contemplates (1) the expected, extended unavailability of Plaintiffs' counsel at the end of 2025 and (2) the trial calendars of the Parties' counsel.

| Deadline | Current Date | Proposed Date |
|---|---|---|
| Deadline for filing amended pleadings | November 4, 2024 | April 4, 2025 |
| Disclosure of expert testimony under Fed. R. Civ. P. 26(a)(2) | November 4, 2024 | April 4, 2025 |
| Disclosure of rebuttal expert testimony under Fed. R. Civ. P. 26(a)(2) | Within 30 days after the other party's expert disclosure | Within 30 days after the other party's expert disclosure |
| All motions related to discovery must be filed by (*see* LCR 7(d)) | December 4, 2024 | May 5, 2025 |
| Discovery completed by | January 3, 2025 | June 3, 2025 |

| | | | |
|---|---|---|---|
| All dispositive motions and motions challenging expert witness testimony must be filed by (*see* LCR 7(d)) | February 3, 2025 | July 7, 2025 |
| Settlement conference under LCR 39.1(c)(2) must be held no later than | April 3, 2025 | September 3, 2025 |
| All motion in limine must be filed by (*see* LCR 7(d)) | April 23, 2025 | September 23, 2025 |
| Deposition Designations must be submitted to the Court by (*see* LCR 32(e)) | May 12, 2025 | October 13, 2025 |
| Agreed pretrial order due | May 12, 2025 | October 13, 2025 |
| Trial briefs, proposed voir dire questions, and proposed jury instructions must be filed by | May 19, 2025 | October 20, 2025 |
| Pretrial conference | May 27, 2025 | October 27, 2025 |
| **Trial** | **June 2, 2025** | **November 3, 2025** |

## IV. CONCLUSION

The Parties are not seeking a continuance to delay resolution of this case—rather, the Parties wish to minimize litigation expenses and explore early settlement. Upon receipt of the contractor's estimate, the Parties will be in a better position to negotiate settlement, conduct discovery, and retain experts. For the foregoing reasons, the Parties respectfully and jointly request that the Court enters an order extending all case deadlines as proposed above, pursuant to Fed. R. Civ. P. 16(b)(4) and LCR 16(b)(6).

The Parties certify that this motion contains 958 words in compliance the Local Civil Rules.

DATED: October 28, 2024

/s/ Robert D. Bohm  
Robert D. Bohm, WSBA #42703  
ROBERT D. BOHM, PLLC  
PO Box 25536  
Federal Way, WA 98093  
Email: rdbohm@premisesinjurylaw.com  
**Counsel for Plaintiffs**

/s/ Jesse Froehling  
Jesse Froehling, WSBA #47881  

s/ Pamela J. DeVet  
Pamela J. DeVet, WSBA #32882  
Caitlyn Mathews, WSBA #60055  
BULLIVANT HOUSER BAILEY PC  
925 Fourth Ave. Suite 3800  
Seattle, WA 98104  
Email: pamela.devet@bullivant.com  
Email: caitlyn.mathews@bullivant.com  
**Counsel for Defendant**

Daniel McLafferty, WSBA #45243
BASTION LAW, PLLC
113 Cherry St., PMB 97380
Seattle, WA 98104-2205
Email: jesse@bastion.law
Email: dan@bastion.law
**Counsel for Plaintiffs**

## ORDER

It is so ordered.

DATED this 30th day of October, 2024.

*[signature]*

Jamal N. Whitehead
United States District Judge

_____

4891-4003-8899.1